## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | | |
|---|---|---|
| Antonio Cain, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **1:15cv968 (TSE/IDD)** |
| | ) | |
| Cpl. Martinez, <u>et</u> <u>al.</u>, | ) | |
|     Defendants. | ) | |

<u>MEMORANDUM OPINION</u>

Antonio Cain, a Virginia inmate proceeding <u>pro</u> <u>se</u>, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, seeking monetary damages for events that befell him at Riverside Regional Jail ("RRJ"). Plaintiff has applied to proceed <u>in forma pauperis</u> in this action. For the following reasons, the complaint must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

## I.

Plaintiff alleges that on June 15, 2015, Corporal Martinez made a "very disrespectful"

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> > (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

and "very offensive" racially pejorative statement to plaintiff, and then laughed.  Plaintiff stated

that he was offended by the comment, and Martinez responded that he didn't care. Compl. at 5.

Plaintiff felt "very disrespected" and "couldn't believe such a racial comment could some from a

corrections officer." Id.  Plaintiff has attempted to resolve the situation through the grievance

process, but RRJ officials tell him that "this situation is not as serious as it is," and plaintiff has

been left feeling "truly offended, insulted and bothered." Id.

Attached to the complaint are several exhibits. The first is a chronicle of plaintiff's efforts

to grieve the incident.  It states that Corporal Martinez made the offensive remark on June 15,

2015, and plaintiff submitted a grievance the following day.  The grievance was answered on

June 30 but the response was "very unacceptable." Also on June 30, plaintiff was "becoming a

little uncomfortable due to CO's acting a little different and looking for any reason to charge

[him] with something."  Plaintiff appealed the denial of his grievance but the appeal concluded

on July 10 with "no resolution," and it thereafter took him six days to obtain a standardized

§1983 complaint form. Plaintiff's second exhibit is a copy of a letter he sent to Sgt. Ronney

expressing his offense at what Sgt. Martinez said as well as the manner in which Sgt. Martinez

responded to his grievance.  The third exhibit is a letter from Nicholas Valdes, another inmate at

RRJ who overheard the exchange between plaintiff and Cpl. Martinez and recounts the event as

plaintiff describes it. Lastly, plaintiff includes copies of his initial grievance and subsequent

appeal. In response to the grievance, Corporal Martinez wrote, "I assure you that I had no

intention of insulting you in any manner. If you felt disrespected or offended by what I had

mentioned it was completely in error and not intended to be offensive toward you." When

plaintiff appealed that result, the responding staff member wrote, "Mr. Cain this issue will be

addressed internally in accordance with Riverside Regional Jail policy."

The named defendants in this action pursuant to § 1983 are Corporal Martinez, Officer Rideout, Sgt. Whorley, Sgt. Ronney, and the Riverside Regional Jail. As relief, plaintiff seeks an unspecified amount of monetary damages.

## II.

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570  (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950.

Courts may also consider exhibits attached to the complaint.  United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004).  Where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails." Id. at 596 (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462,

3

1465 (4th Cir.1991)).

### III.

In this case, taking plaintiff's as allegations as true and also considering his exhibits, he states no claim for which relief can be granted. It is settled that, absent circumstances not alleged here, verbal harassment and abuse do not rise to the level of a constitutional claim under §1983. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979);  Hudspeth v. Figgins, 584 F.2d 1345, 1348 (4th Cir. 1978). "[T]he use of vile and abusive language, no matter how abhorrent or reprehensible, cannot form the basis of a §1983 claim." Keyes v. City of Albany, 594 F.Supp. 1147 (N.D.N.Y. 1984).  Only when a verbal threat is combined with action apparently designed to carry out the threat can it constitute a claim of constitutional dimension. Hudspeth, 584 F.2d at 1348.  Here, plaintiff makes no suggestion that Corporal Martinez's racially pejorative statement was coupled with any threat of harm to plaintiff.  Therefore, as distasteful as Corporal Martinez's language may have been, it cannot form the basis of a claim under §1983.

One other possible claim intimated by plaintiff's statements and exhibits will be discussed in deference to his pro se status. It may be that plaintiff's reference in his first exhibit to beginning to feel "a little uncomfortable due to CO's ... and looking for any reason to charge [him] with something" after he filed his grievance was intended to suggest a claim of retaliation. However, to state such a claim, an inmate must allege facts sufficient to demonstrate that the alleged retaliatory act "was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Thereafter, plaintiff must demonstrate that he suffered some adverse impact or actual injury. ACLU of Md., Inc. v. Wicomico County, Md., 999 F.2d 780, 785 (4th Cir. 1993) (citing Huang v. Bd. of Governors of Univ. of N.C., 902 F.2d 1134, 1140 (4th Cir. 1990)).  Here, plaintiff's

4

allegation meets neither of these criteria, so no claim of retaliation will lie.

### IV. Conclusion

For the foregoing reasons, the complaint must be dismissed for failure to state a claim pursuant to § 1915A. Plaintiff's application to proceed in forma pauperis accordingly must be denied, as moot. An appropriate Order shall issue.

Entered this ___3rd___ day of ___August___ 2015.

Alexandria, Virginia

_____
T. S. Ellis, III
United States District Judge